ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 2 4 2017

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DONNA JONES | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-CV-00301-A |
| | § | |
| TARRANT COUNTY HOSPITAL | § | |
| d/b/a JPS HEALTH NETWORK, | § | |
| Defendant. | § | |

## TARRANT COUNTY HOSPITAL DISTRICT d/b/a JPS HEALTH NETWORK, DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, TARRANT COUNTY HOSPITAL DISTRICT d/b/a JPS HEALTH NETWORK, a unit of local government and more specifically a county hospital district, created and operating under Chapter 281 of the Texas Health and Safety Code, incorrectly identified by Plaintiff as Tarrant County Hospital d/b/a JPS Health Network (referred to herein as "Defendant"), by and through its undersigned counsel, files this its Answer and Affirmative Defenses to the First Amended Complaint of Plaintiff Donna Jones ("Jones") and would state as follows:

## I.
## DEFENDANT'S ANSWER

Defendant responds to the allegations in each corresponding paragraph of the Plaintiff's First Amended Complaint ("Complaint") as follows:

1.      In answer to the first untitled paragraph of the Complaint, Defendant admits that Jones brings her purported actions, the substance and factual allegations of which are denied, under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq. ("ADA").

**TARRANT COUNTY HOSPITAL DISTRICT d/b/a JPS HEALTH NETWORK, DEFENDANT'S**   **Page 1**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**
W:\12\12362 TCHD\Pleadings\Defendant's Answer and Affirmative Defenses to First Amended Complaint.doc

Defendant denies that it took any unlawful actions. Defendant further denies that it terminated Jones because of her disability or alternatively that it terminated Jones because it regarded her as disabled. To the extent that the untitled first paragraph alleges any other violation of the ADA, Defendant denies that it is liable for any claims brought by Jones pursuant to the ADA or any other statutes which may provide Jones with a claim for relief for her purported causes of action.

## I.  INTRODUCTORY STATEMENT

2.     In answer to the paragraph 1 of the Complaint, Defendant admits that Jones filed her First Amended Complaint to correct the name of Defendant and to reassert all allegations made in her Original Complaint, the substance and factual allegations of which are denied by Defendant as set forth herein. Defendant admits that Jones was an employee of Defendant from on or about August 2011 until August of 2012. Defendant denies that it terminated Jones and further denies that it unlawfully terminated Jones. Defendant denies Jones' allegation that Defendant violated Jones' rights under the ADA, denies that it terminated Jones in violation of the ADA and denies that it failed to offer a reasonable accommodation. To the extent there are any other allegations of violations of the ADA by Defendant in paragraph 1 of the Complaint, such are also denied.

## II.  PARTIES

3.     In answer to paragraph 2 of the Complaint, Defendant admits that Jones is a citizen and resident of Texas and admits that Jones was an employee of Defendant. Defendant denies all of the remaining allegations in paragraph 2 and to the extent paragraph 2 alleges

TARRANT COUNTY HOSPITAL DISTRICT d/b/a JPS HEALTH NETWORK, DEFENDANT'S          Page 2
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT
W:\12\12362 TCHD\Pleadings\Defendant's Answer and Affirmative Defenses to First Amended Complaint.doc

that Defendant terminated Jones or committed any violation of the ADA or alleges that Jones is entitled to recover any of the various damages, Defendant denies such allegations.

4.      Defendant admits the allegations in paragraph 3 of the Complaint.

## II.(sic) JURISDICTION AND VENUE

5.      In answer to paragraph 4 of the Complaint, Defendant admits that Jones is asserting jurisdiction pursuant 28 U.S.C.A. and 42 U.S.C.A and does not object to jurisdiction of this Honorable Court.  Defendant further admits that Jones asserts that her purported causes of action, which are expressly denied, arise under the laws of the United States.

6.      In answer to paragraph 5 of the Complaint, Defendant admits that the purported acts or omissions giving rise to this dispute, which are expressly denied, allegedly took place in the Northern District of Texas and therefore venue is proper in this Honorable Court.

7.      In answer to paragraph 6 of the Complaint, Defendant does not contest that this Honorable Court has supplemental jurisdiction over any claims or purported causes of action, which are expressly denied, brought by Jones under the Texas Labor Code which may be so related to the ADA that they form part of the same case or controversy.

## III. ADMINISTRATIVE PROCESS

8.      In answer to paragraph 7 of the Complaint, Defendant admits that Equal Employment Opportunity Commission ("EEOC") issued a determination finding ("Determination") on August 3, 2016, and Defendant admits that the Determination is attached to the Complaint. To the extent Jones incorporates the Determination into her Complaint; Defendant denies all of the allegations and all of the findings in the Determination and denies that such Determination has any binding factual or legal effect in this cause. Defendant denies in its

TARRANT COUNTY HOSPITAL DISTRICT d/b/a JPS HEALTH NETWORK, DEFENDANT'S      Page 3
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT
W:\12\12362 TCHD\Pleadings\Defendant's Answer and Affirmative Defenses to First Amended Complaint.doc

entirety any finding by the EEOC with regard to Jones allegations and denies that it is liable for any such claims, findings or allegations.  Defendant admits that the EEOC issued Jones a Notice of Right to Sue Letter ("RTS Letter") and Defendant admits that the RTS Letter is attached to the Complaint.

9.      Defendant admits the allegations in paragraph 8 of the Complaint.

## IV. FACTS

10.     Defendant admits the allegations in paragraph 9 of the Complaint.

11.     Defendant admits the allegations in paragraph 10 of the Complaint.

12.     Defendant denies all of the allegations contained in paragraph 11 of the Complaint.

13.     In answer to paragraph 12 of the Complaint, Defendant is without sufficient information to form a belief as to Jones' state of mind during her employment with Defendant, therefore, to the extent necessary, the allegation in this paragraph are denied.

14.     Defendant denies all of the allegations contained in paragraph 13 of the Complaint.

15.     Defendant is without sufficient information regarding Jones' cancer treatments, the effect of such treatments or why Jones purportedly contracted the flu in August 2012 to admit or deny the factual allegations in paragraph 14 of the Complaint. Therefore, to the extent necessary, they are denied.

16.     Defendant is without sufficient information regarding Jones' interaction with her primary care physician or what notes Jones received from her primary care physician to admit or deny the factual allegations in paragraph 15 of the Complaint. Therefore, to the extent necessary, they are denied.

**TARRANT COUNTY HOSPITAL DISTRICT d/b/a JPS HEALTH NETWORK, DEFENDANT'S**       **Page** 4
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**
W:\12\12362 TCHD\Pleadings\Defendant's Answer and Affirmative Defenses to First Amended Complaint.doc

17.     Defendant is without sufficient information regarding Jones' interaction with a second physician or what notes Jones received from the second physician to admit or deny the factual allegations in paragraph 16 of the Complaint. Therefore, to the extent necessary, they are denied.

18.     Defendant denies all of the allegations contained in paragraph 17 of the Complaint.

19.     Defendant denies all of the allegations contained in paragraph 18 of the Complaint.

20.     Defendant denies all of the allegations contained in paragraph 19 of the Complaint.

21.     Defendant admits that Jones was told that her mask would be unsettling for patients but denies all of the remaining allegations contained in paragraph 20 of the Complaint.

22.     Defendant denies all of the allegations contained in paragraph 21 of the Complaint.

23.     Defendant denies all of the allegations contained in paragraph 22 of the Complaint.

24.     Defendant denies all of the allegations contained in paragraph 23 of the Complaint.

25.     Defendant denies all of the allegations contained in paragraph 24 of the Complaint.

26.     Defendant denies all of the allegations contained in paragraph 25 of the Complaint.

27.     Defendant denies all of the allegations contained in paragraph 26 of the Complaint.

28.     Defendant denies all of the allegations contained in paragraph 27 of the Complaint.

29.     Defendant denies all of the allegations contained in paragraph 28 of the Complaint.

30.     Defendant denies all of the allegations contained in paragraph 29 of the Complaint.

## V.  CAUSES OF ACTION: *DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT*

31.     Defendant denies all of the allegations contained in paragraph 30 of the Complaint.

32.     Defendant denies all of the allegations contained in paragraph 31 of the Complaint.

33.     Defendant denies all of the allegations contained in paragraph 32 of the Complaint.

TARRANT COUNTY HOSPITAL DISTRICT d/b/a JPS HEALTH NETWORK, DEFENDANT'S     Page 5
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT
W:\12\12362 TCHD\Pleadings\Defendant's Answer and Affirmative Defenses to First Amended Complaint.doc

34.     Defendant denies all of the allegations contained in paragraph 33 of the Complaint.

35.     Defendant denies all of the allegations contained in paragraph 34 of the Complaint.

36.     Defendant denies all of the allegations contained in paragraph 35 of the Complaint.

37.     Defendant denies all of the allegations contained in paragraph 36 of the Complaint.

38.     Defendant denies all of the allegations contained in paragraph 37 of the Complaint.

## VI. DAMAGES SOUGHT

39.     Defendant denies all of the allegations contained in paragraph 38 of the Complaint and denies that Jones sustained any of the damages alleged in paragraph 38 of the Complaint or is entitled to recover for any of the damages alleged in paragraph 38 of the Complaint.

## VII.   JURY DEMAND

40.     The allegations in the paragraph titled "Jury Trial Demanded" of the Complaint require no answer of Defendant but to extent necessary Defendant admits that Jones has requested trial by jury.

## VIII.   PRAYER

41.     Defendant denies that the Court should enter Judgment as requested by Jones in her Prayer in paragraph 40 of the Complaint.  Specifically, Defendant denies Jones' entitlement to any relief that includes any of the following:

> a. An award of Plaintiff's actual damages for loss of wages, benefits, and promotional opportunities, including an award of back pay for all lost salary and benefits, and front pay compensating Plaintiff for loss of future salary and benefits;
> b. An award of damages to compensate Plaintiff for past and future nonpecuniary losses including, pain and suffering, mental anguish, emotional distress, indignity, inconvenience, loss of self-esteem, and humiliation;
> c. An award of punitive damages as a result of Defendant's actions being undertaken with malice and reckless indifference to the rights of
> Plaintiff under the ADA;
> d. For an Order awarding Plaintiff attorneys' fees;

TARRANT COUNTY HOSPITAL DISTRICT d/b/a JPS HEALTH NETWORK, DEFENDANT'S        Page 6
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT
W:\12\12362 TCHD\Pleadings\Defendant's Answer and Affirmative Defenses to First Amended Complaint.doc

e. For an Order awarding Plaintiff the costs of this action; and

f. For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

g. For an Order granting such other and further relief as may be necessary.

42.    All allegations not specifically and expressly admitted herein by Defendant are deemed to be denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

43.    The Complaint fails to state a claim or cause of action upon which relief may be properly granted.

### SECOND AFFIRMATIVE DEFENSE

44.    Jones' claims, in whole or in part, are barred by the applicable statute of limitations period.

### THIRD AFFIRMATIVE DEFENSE

45.    At all times during the course of her employment, Jones was employed by Defendant on an at-will basis.

### FOURTH AFFIRMATIVE DEFENSE

46.    All employment decisions affecting Jones were done for legitimate, business reasons unmotivated by any discriminatory or retaliatory animus.  Further, in the event of any finding of mixed motive, Defendant would have made the same employment decision.

### FIFTH AFFIRMATIVE DEFENSE

47.    Jones' claims are barred in whole or in part, by Jones' own actions.

__TARRANT COUNTY HOSPITAL DISTRICT d/b/a JPS HEALTH NETWORK, DEFENDANT'S__          **Page 7**
__ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT__
W:\12\12362 TCHD\Pleadings\Defendant's Answer and Affirmative Defenses to First Amended Complaint.doc

## SIXTH AFFIRMATIVE DEFENSE

48.     Defendant made a good faith effort to comply with all relevant statutes.   Any violation of the applicable laws, if proved, was done in good faith and Defendant had reasonable grounds for believing that the acts or omissions complained of were not a violation of any statute.

## SEVENTH AFFIRMATIVE DEFENSE

49.     Defendant made a good faith effort to enter into the accommodation process with Jones and Jones refused the reasonable accommodations provided by the Defendant and Jones terminated the accommodation process.

## EIGHTH AFFIRMATIVE DEFENSE

50.     In the alternative, without waiver of the foregoing and subject to information developed in discovery, to the extent Jones has suffered no actual damages, she is not entitled to an award of damages of any sort.

## NINTH AFFIRMATIVE DEFENSE

51.     In the alternative, without waiver of the foregoing and subject to information developed in discovery, Jones' claims are barred, in whole or in part, because Defendant did not commit any of the acts alleged, did not have the requisite intent or state of mind to commit any of the acts alleged and did not act negligently, willfully, recklessly or maliciously.

## TENTH AFFIRMATIVE DEFENSE

52.     In the alternative, without waiver of the foregoing, Defendant is not liable for exemplary damages because no agent of Defendant acted with malice or reckless disregard

TARRANT COUNTY HOSPITAL DISTRICT d/b/a JPS HEALTH NETWORK, DEFENDANT'S        **Page 8**
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT
W:\12\12362 TCHD\Pleadings\Defendant's Answer and Affirmative Defenses to First Amended Complaint.doc

for the rights of Jones, and any such actions would have been contrary to the good faith efforts of Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

53.     The damages claimed by Jones are barred to the extent that they are speculative in nature.

## TWELFTH AFFIRMATIVE DEFENSE

54.     In the alternative, without waiver of the foregoing, to the extent that Jones has received compensation since the occurrence of any alleged adverse employment action, Defendant asserts an offset for those amounts received by Jones.

## THIRTEENTH AFFIRMATIVE DEFENSE

55.     In the alternative, without waiver of the foregoing, Jones has failed to mitigate her alleged losses.

## FOURTEENTH AFFIRMATIVE DEFENSE

56.     Any claims filed by Jones outside the reasonable scope of her administrative charge filed with the EEOC are barred and any claims by Jones based upon events occurring more than 300 days before her administrative charge filed with the EEOC are barred.

## FIFTEENTH AFFIRMATIVE DEFENSE

57.     Defendant reserves the right to plead, assert and rely on any further affirmative defenses that may become lawfully available, including those disclosed through discovery investigation or which may be disclosed or discovered through further assertions of the Jones.

TARRANT COUNTY HOSPITAL DISTRICT d/b/a JPS HEALTH NETWORK, DEFENDANT'S          Page 9
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT
W:\12\12362 TCHD\Pleadings\Defendant's Answer and Affirmative Defenses to First Amended Complaint.doc

## PRAYER

58.     WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Court enter a
Judgment that Jones take nothing by her cause of action and that all claims by Jones against
Defendant be dismissed with prejudice.  Defendant further prays for all other relief to which
it may be justly entitled at law and in equity.

Respectfully Submitted,

Scott A. Cummings
State Bar No. 00793573
sc@all-lawfirm.com
Cory S. Hartsfield
State Bar No. 24038943
ch@all-lawfirm.com
Neal W. Adams
Texas Bar No. 008740000
nwa@all-lawfirm.com
ADAMS, LYNCH & LOFTIN, PC
3950 Highway 360
Grapevine, Texas 76051
(817) 552-7742
Fax:  (817) 328-2942

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Tarrant
County Hospital District d/b/a JPS Health Network, Defendant's Answer and Affirmative
Defenses to Plaintiff's First Amended Complaint was duly served upon Drew N. Herrmann,
Herrmann Law, PLLC, 777 Main Street, Suite 600, Fort Worth, Texas 76102 in accordance
with applicable rules of procedure by Certified Mail Return Receipt Requested No. 7015
3430 0000 8377 4415 on this 24th day of May, 2017.

Scott A. Cummings

**TARRANT COUNTY HOSPITAL DISTRICT d/b/a JPS HEALTH NETWORK, DEFENDANT'S**     **Page 10**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**
W:\12\12362 TCHD\Pleadings\Defendant's Answer and Affirmative Defenses to First Amended Complaint.doc